**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 23-CR-000035-5 (RC)** |
| | : | |
| | : | |
| **MICAIAH JOSEPH** | : | |

**DEFENDANT JOSEPH'S MOTION FOR SEVERANCE**

Mr. MICAIAH JOSEPH, through his attorney, Kira Anne West, and

pursuant to Rule14(a) of the Federal Rules of Criminal Procedure, hereby

respectfully moves this Honorable Court for the entry of an Order of severance for

trial. Mr. Joseph requests a separate trial be ordered for him apart from co-

defendants for various reasons. In support of this motion, the following is stated:

1.  Background

Mr. Joseph entered a not guilty plea before this Honorable Court on

February 21, 2023. He is charged with what is commonly known as the easiest

felony for the government to prove, 18 USC 231, known as "civil disorder."  As

this Court may know, three of the defendants, Adam Villareal (count 2-assault on a

police officer using a dangerous weapon); Casey Tryon-Castro (count 3-assault on

a police officer) and Troy Weeks (count 4-assault on a police officer) have been

charged with very serious felonies.  As if that weren't enough, Ms. Tryon-Castro

1

and Mr. Villareal have also been charged with theft of government property

(counts five and six). The likelihood of disastrous spillover and prejudice  against

Mr. Joseph is 100 percent, even with a curative instruction from the Court.

 None of the joined defendants are charged with conspiring with one

another to commit any offense. None of the joined defendants are

alleged to have come to the Capitol together or to have corresponded

with one another prior to or after January 6, 2021.[1]  None of the joined

defendants are alleged to identify with a common political or social

group.

Federal Rule of Criminal Procedure 14(a) allows that "[i]f the joinder of

offenses or defendants in an indictment, an information, or a consolidation for trial

appears to prejudice a defendant or the government, the Court may order separate

trials of counts, sever the defendants' trials, or provide any other relief that justice

requires."  Mr. Joseph believes that by going to trial with the other four defendants,

it will irreparably prejudice him  in as much as the serious charges against the

others will likely be seen as unseemly, and/or confuse the jury, and/or blur the

issues before the jury thus compromising Mr. Joseph's right to a fair trial.

Moreover, there is a real danger that the jury will become confused by

---

1 This representation is made on the limited review of limited discovery in this case.

the mass trial and fail to consider the evidence against each of the five defendants independently. While the government may claim that, notwithstanding these concerns, the cases should be tried together to promote judicial economy, it is difficult to imagine that a trial involving a  random collection of defendants will not become sidetracked and delayed with countless evidentiary motions, among other issues. More importantly, balancing the efficiency imperatives of joinder against the substantive rights of criminal defendants has been foreclosed by the Supreme Court in *Zafiro v. United States,* 506 U.S. 534, 541 (1993). *see also United States v. Erwin*, 793 F.2d 656, 666 (5th Cir. 1986)(severance required because charges against defendant were only peripherally related to those alleged against the other defendants and as the trial progressed, it became increasingly apparent that very little of the mountain of evidence was usable against her.")

Critically, Mr. Joseph has no idea who these other four defendants are that are charged with him.  He's never even heard their names before. There are no facts that will be presented  at trial that connect him to any of the other defendants. When undersigned counsel asked the AUSA why Mr. Joseph was charged with the other four defendants, the reply was that he was in the same general area as the other 4 defendants. It seems 100 others could have also been charged in this

indictment, and undersigned counsel believes if she took the time to cull through other indictments, there would be similar indictments to this one-all defendants charged together yet not one knowing another.  In most instances, despite their physical proximity, even the video evidence (what little has been turned over) of their actions does not overlap. Thus, this Court would have to constantly deal with relevancy objections by undersigned counsel.

2. <u>Argument</u>

**I.    The defendants are improperly joined under the controlling interpretation of Rule 8(b).**

Rule 8 of the Federal Rules of Criminal Procedure permits joinder of defendants only if "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). To properly join two defendants in this District, the government must sufficiently demonstrate "the existence of a common scheme or plan spanning both transactions *and* both defendants." *United States v. Perry*, 731 F.2d 985, 991 (D.C. Cir. 1984) (emphasis added). [2]

**A. There is an insufficient nexus to support the joinder of Mr. Joseph with four of his co-defendants.**

---

[2] If the government thinks cheering is sufficient (and Joseph does not concede to any cheering) to render two defendants part of the same "common scheme or plan" within the meaning of Rule 8(b) and *Perry*, it must concede that these fictional links apply to every J6 defendant charged. "Some allegation of concerted action between defendants is required." *See Spaeth v. Michigan State Univ. Coll. of L.*, 845 F. Supp. 2d 48, 53 (D.D. C. 2012)("courts have not joined totally independent actors, without any allegation of concert or conspiracy.")(citations omitted).

Though generally favored, joinder does not "authorize the Government to string together, for common trial…_*when the only nexus among them lies in the fact that one man participated in all.*" Kotteakos v. United States*, 328 U.S. 750, 773 (1946)(emphasis added) Rather, each defendant must be logically relevant to each of their co-defendants. *See id.*; *see also Perry*, 731 F.2d at 990 ([T]here must be a logical relationship between the acts or transactions within the series." *See also United states v. Jackson,* 562 F.2d 789, 796 (D.C. Cir. 1977)("[i]f acts were part of a common scheme or plan, or connected together, they could be regarded as a series)."

Of course, *Kotteakos* was decided shortly before the Federal Rules of Criminal Procedure became effective. However, the principle is reflected in contemporary case law. For example, in a case cited favorably by the District of Columbia Circuit in *Jackson*, the Fourth Circuit observed:

There is nothing in the evidence to show that Whitehead and Meredith could have been joined in the same indictment. Whitehead allegedly dealt with Jackson, and Jackson with Meredith. The burden is on the government to show that persons to be joined participated in the same act or transactions, or in the same series of acts or transactions. Although there was a 'series' of transactions involving a common denominator (Jackson), the government did not meet its burden of proving that there was any connection between appellant's offense and Meredith's offense. Carried to its logical conclusion, the government's theory might well allow us to join in a common indictment and trial two delinquent taxpayers who used the same accountant. Such a result approaches the ridiculous. Clearly, the joinder of Whitehead and Meredith in the instant case was improper."

*United States v. Whitehead*, 539 F.2d 1023, 1025 (4th Cir. 1976); *see also Jackson*, 562 F.2d at 796 (citing to *Whitehead* for the proposition quoted).

5

The joined defendants were unknown to one another until the start of the instant proceedings. Unlike the other charged January 6 conspiracies, these joined defendants had no shared plans or agreements regarding their conduct that day, having traveled from different parts of the country for their own individual reasons.3 While at the Capitol, they are alleged to have committed separate acts, notwithstanding the grouping of those disparate acts in certain counts. As the principle articulated in *Kotteakos* established, Defendant Stevens' relevancy to the other seven co-defendants is insufficient as a basis for supporting the joinder of the entire group. *Kotteakos*, 328 U.S. at 773. Thus, unless the government demonstrates a logical nexus between Mr. Joseph and the other four co-defendants, the Court must sever the proceedings.

Here, unlike other J6 cases, these joined defendants had no shared plans or agreements regarding their conduct that day, having traveled from different parts of the country with their own individual reasons. While at the Capitol on January 6, 2021, they are alleged to have committed separate acts, notwithstanding the grouping of those separate acts in certain counts. Because Mr. Joseph's alleged actions were wholly separate and distinct from these defendants, the parties are improperly joined. The government has not alleged any nexus whatsoever in the indictment. Most important is the fact that Mr. Joseph's conduct was the exact opposite of the defendants he has been charged with. We expect the evidence to show that Mr. Joseph's conduct was to reduce

---

3 [1] "Similar" conduct is plainly insufficient for joinder under Rule 8(b). *See Jackson*, 562 F.2d at 796 ("When similar but unrelated offenses are jointly charged [even] to a single defendant, some prejudice almost necessarily results") (quoting *Cupo v. United States*, 359 F.2d 990, 993 (D.C. Cir. 1966)).

the ability of the mob to affect assaults on the officers. Mr. Joseph took repeated action to resist members of the mob in their attempts to use force and/or weapons against officers which is clearly an antagonistic defense to the other charged defendants.

The U.S. Supreme Court has made clear that severance should be ordered when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

There is precedent for this Court to grant severance in a J6 case. In two recent cases, *United States v. Doolin*, 21 CR 447 (CJN)4 and *United States v. James Beeks*, 21 CR 00028 (APM)5, severance was granted due to the presence of a *pro se* defendant. That is not the case here, but the fact that other district court judges are granting motions for severance is J6 cases is telling.

WHEREFORE for the foregoing reasons and such other reasons that may appear just and proper, defendant Joseph, respectfully requests that his motion for a trial severance be granted and a separate trial be ordered for him apart from co-defendants.6

Respectfully submitted,

KIRA ANNE WEST

---

4 *See* minute order entered January 25, 2023.
5 There has not been a minute order entered on the docket but undersigned counsel spoke to defense counsel for defendant Beeks who informed her that the motion to sever was granted on the record.
6 The government does not oppose a bench trial in this case if all other defendants agree. In the event of a severance, the possibility of a bench trial is much greater.

By:  _____/s/_____
     Kira Anne West
     DC Bar No. 993523
     712  H Street N.E., Unit  509
     Washington, D.C.  20002
     Phone:   202-236-2042
     kiraannewest@gmail.com
     Attorney for Mr. Joseph

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify on the 27th  day of February, 2023, a copy of same was delivered to the

parties of record  pursuant to the Covid standing order and the rules of the Clerk of Court.

_____/S/_____

Kira Anne West