## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

**v.**

**MICAIAH JOSEPH,**

**Defendant.**

**Case No.: 1:23-CR-000035-RC**

## NOTICE OF FILING: PROPOSED ORDER OUTLINING
## ROLE OF STANDBY COUNSEL

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files the attached proposed order to address the role of standby counsel given defendant Micaiah Joseph's decision to proceed *pro se* and upon request for guidance from standby counsel.   Minute Entry dated May 28, 2024.

This proposed order was also filed in *United States v. Deowrah Buddhu*, 12-cr-136 (AWT), ECF No. 38 (D. Conn. August 17, 2012) after briefing, and is attached as Attachment A.   For the Court's convenience, the government has also attached the memorandum filed in that case as Attachment B.   Here, as in its brief in *Buddhu*, the government relies on *Faretta v. California*, 422 U.S. 806 (1975) and *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) to support the entry of the proposed order.

Accordingly, the government respectfully requests that the proposed order by entered by the Court to provide standby counsel and defendant Micaiah Joseph guidance on the role of standby counsel.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:   /s/ *Sarah C. Martin*
Sarah C. Martin
Assistant United States Attorney
D.C. Bar 1612989
601 D Street NW
Washington, DC
(202) 252-7048
Sarah.Martin@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **v.** | **Case No.: 1:23-CR-000035-RC** |
| **MICAIAH JOSEPH,** | |
| **Defendant.** | |

## <u>PROPOSED ORDER OUTLINING ROLE OF STANDBY COUNSEL</u>

1. A *pro se* defendant is ultimately responsible for, and must be allowed to conduct, his own defense in his own way.

2. The role of standby counsel is substantially more limited than the role of retained or appointed counsel. Standby counsel does not represent the defendant.

3. Standby counsel can assist the *pro se* defendant only if, and to the extent, the defendant expressly requests and consents to the assistance of standby counsel.

4. The *pro se* defendant will control and organize the content of his own defense and handle all aspects of the trial himself.   Thus, the *pro se* defendant will handle things such as preparing motions, conducting research, jury selection, the questioning of witnesses (including lodging objections to questions by counsel for the government), addressing the jury and addressing the court in the presence of the jury.   Standby counsel will never appear in court in lieu of the *pro se* defendant.

5. In this case, the role of standby counsel will be limited to the following:

   a. Filing motions on behalf of the *pro se* defendant without making any edits or offering any advice concerning the substance of such motions;

   b. Explaining and answering any questions about:

      i. the Rules of Criminal Procedure
      ii. the Federal Rules of Evidence, and
      iii. basic trial procedures (*i.e.,* objections) to relieve the court of any need to explain basic rules of courtroom protocol;

   c. Facilitating the *pro se* defendant's use of investigators to interview potential witnesses;

3

     d.  Providing the *pro se* defendant with requested copies of cases, statutes, etc. within reason.

**The pro se defendant shall send a written request to standby counsel each time he would like her to perform one of the functions set forth in paragraphs 5(a)-(d).**

6.  The *pro se* defendant should understand that if he is either unable or unwilling to abide by the rules or courtroom procedure and protocol, his right to self-representation may be terminated.

7.  The *pro se* defendant should understand that he does not have the absolute right to withdraw his request to represent himself and have standby counsel represent him.   The court would exercise its discretion in ruling on such a request. Among the factors the court would consider would be whether the defendant has shown good cause and whether the request is timely.   For example, such a request that would unduly delay the trial would not be granted.

_____
The Honorable Rudolph Contreras
United States District Court Judge

4