IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.       : | CRIMINAL NO. 23-CR-35-5 (RC) |
| : | |
| : | |
| : | |
| MICAIAH JOSEPH         : | |

**<u>DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO AFFIRM THE LOCAL RULES</u>**

COMES NOW Kira Anne West, STAND BY counsel for MICAIAH JOSEPH in the above captioned case, and files this response to the governments motion asking this Court to "affirm the applicability of Local Criminal Rule 24.2(b) to all parties and counsel."

First, this is oppressive and obstreperous, not to mention untimely. Undersigned counsel believes the Government's motion is a personal attack on undersigned counsel which, by the by, is prohibited by the local rules of this Court, the DC bar rules of ethics, and the bar rules of the State of Illinois whence Ms. Klamman hails and coincidentally, a bar in which undersigned counsel is also a member.[1]

At the beginning of this case, before there was a jury in the box, the government asked this honorable Court to prohibit undersigned counsel from speaking to jurors after the trial concluded "unless government counsel was also present." This Court in response said something to the effect that we'll cross that bridge when we get there. But that wasn't good enough for the government. Since that day, the government has complained about undersigned counsel as if we were in a sandbox in kindergarten rather than a federal court in the nation's Capital. The

---

[1] Undersigned counsel has been asked by multiple current and former AUSA's to write letters of support for them when seeking judgeships.

1

government complains that undersigned counsel is too loud and laughs too much, among other infantile remarks.

In support of their motion, the government cites Judge Lamberth's opinion in *US v. Kelly 21-Cr-708,,* a J6 case undersigned counsel tried a year ago in front of Judge Lamberth. The government quotes from his opinion denying a motion for new trial filed by the defendant in that case.  For the record, undersigned counsel got permission to speak to the jury from a member of Judge Lamberth's staff.  What the government omits from their motion is that undersigned counsel last month tried another J6 case in front of Judge Walton, *U.S. v. Cook*. 23-cr-138.   Learning from her experience before Judge Lamberth, undersigned counsel asked Judge Walton in front of AUSA Akers  in the courtroom if she could speak to the jury. Judge Walton said sure you can, so undersigned counsel did just that.2 Ay, there's the rub.

This Court knows that if Judge Royce C. Lamberth wanted to know specifically who on his staff gave permission to undersigned counsel to speak to the jury, he would have ordered undersigned counsel to his courtroom and asked. But he didn't. This Court also was aware of this because when undersigned counsel made a record of asking permission of Judge Walton when this was first raised by the government, the Court jokingly asked undersigned counsel if she had ever filed a motion based on speaking to a jury after a trial, and undersigned counsel responded that indeed she had.

The motion by the government was meant to sully undersigned counsel's  fine reputation  and designed to undermine undersigned counsel's role as stand by counsel  because the defendant is set to testify this morning. But once again, the government underestimates the influence of undersigned counsel. The motion was filed last evening at 8:51 p.m., yet was not

---

2 In a moment of solidarity, about 8 jurors asked undersigned counsel and AUSA Akers, who also talked to the jury,

sent to Mr. Joseph until today at 7:02 am while everyone is commuting to work. What does the certificate of service say? This is a clear case of government shenanigans and overreach. And if there is one thing Judge Lamberth detests, it is government overreach, and this Court should too. *See Cobell v. Kempthorne,* 91 F.Supp. 2nd 1 (1999).

                        Respectfully submitted,

                        MICAIAH JOSEPH, PRO SE

By:    /s/    *Kira Anne West* for Mr. Joseph
        Kira Anne West
        DC Bar No. 993523
        712 H Street N.E., Unit 509
        Washington, D.C. 20002
        Phone: 202-236-2042
        kiraannewest@gmail.com

CERTIFICATE OF SERVICE

    I hereby certify on the 6th day of June, 2024 a copy of same was filed with the Clerk of Court via ECF so that all parties will receive it, and a copy will be delivered to Judge Lamberth.
                              /S/    *Kira West*
                                Kira Anne West

---

to go to happy hour with them. Undersigned counsel politely declined.